UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVEN L. FEELEY, | ) |
|       Plaintiff | ) |
| v. | )    2:23-cv-00243-JDL |
| JEFFREY GOSS, | ) |
|       Defendant | ) |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees and costs, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 3; Order, ECF No. 5.) In accordance with the statute that governs matters in which a plaintiff proceeds without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that Defendant, the police chief for the Town of Mechanic Falls, did not respond properly when Plaintiff reported that he was nearly struck by a speeding car and when a woman complained about an encounter with Plaintiff. Plaintiff also asserts that after he obtained a restraining order against a neighbor who had threatened him, Defendant served him with a no abuse order protecting the neighbor. Plaintiff further

alleges he was improperly summonsed to court for harassment. Plaintiff maintains Defendant's conduct violated his civil rights.

## LEGAL STANDARD

Title 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff's civil rights claims would be governed by 42 U.S.C. § 1983, the civil rights statute. Pursuant to the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Here, Plaintiff has identified several grievances he has with Defendant, but he has not alleged facts that would support a finding of a constitutional violation. His mere

3

assertion that Defendant violated his constitutional rights is insufficient. *See Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard.").

Plaintiff's assertion that after he obtained a restraining order against a neighbor who had threatened him, Defendant served him with a no abuse order protecting the neighbor could be Plaintiff's attempt to allege a First Amendment retaliation claim. The Federal Rules of Civil Procedure, however, "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Where a plaintiff contends law enforcement's decision to initiate some process against an individual is retaliatory, the plaintiff must "plead and prove" the lack of a basis for the decision. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019) ("[t]he plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest."). In this case, Plaintiff has alleged that Defendant issued the no abuse order after Plaintiff obtained the restraining order, but he has not alleged sufficient facts to support a finding that the no abuse order lacked any basis. Accordingly, Plaintiff has not alleged an actionable First Amendment retaliation claim.

## CONCLUSION

If Plaintiff wishes to amend his complaint to address the deficiencies identified herein, Plaintiff shall file the amended complaint within fourteen days of the date of this recommended decision. If Plaintiff does not file an amended complaint that adequately addresses the deficiencies, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of June, 2023.